[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11039
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00145-PGB-GJK-1


UNITED STATES OF AMERICA,

                                                          Plaintiff - Appellee,

versus

MICHAEL MICHALAK,

                                                          Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 3, 2017)

Before TJOFLAT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

    Michael Michalak appeals his 440-month sentence, a variance above the

guideline range.  He received his sentence after pleading guilty to three counts of

aiding and abetting the transportation of child pornography, which violated 18

U.S.C. § 2252A(a)(1), (b)(1)–(2), and three counts of distribution of child

pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).  Michalak argues

that the District Court abused its discretion and imposed a substantively

unreasonable sentence by failing to consider his age, physical health, or life

expectancy in setting the sentence.  While the District Court did not discuss

Michalak's age or physical health, it considered such information when weighing

the factors in 18 U.S.C. § 3553(a).  It imposed a sentence that met the § 3553(a)

goals and had support in the record.  Thus, the District Court did not abuse its

discretion.  We affirm.

We review the substantive reasonableness of a sentence for an abuse of

discretion.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015).

"A district court abuses its considerable discretion and imposes a substantively

unreasonable sentence only when it (1) fails to afford consideration to relevant

factors that were due significant weight, (2) gives significant weight to an improper

or irrelevant factor, or (3) commits a clear error of judgment in considering the

proper factors."  *Id.* at 1256 (quotation omitted).  A sentence outside the guidelines

range must not be presumed unreasonable.  *Id.* at 1255.  The party challenging the

sentence must establish that the sentence is unreasonable in light of the entire

2

record, the § 3553(a) factors,[1] and the deference afforded to the district court.  *Id.*

at 1256.  We vacate a sentence only upon a "definite and firm conviction" that the

district court clearly erred in weighing the § 3553(a) factors, thus arriving at a

sentence "outside the range of reasonable sentences dictated by the facts of the

case."  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).

The district court needs a sufficiently compelling justification for sentences

outside the guidelines range.  *United States v. Irey*, 612 F.3d 1160, 1186–87 (11th

Cir. 2010) (en banc).  In determining this, we give deference to the district court's

decision that the § 3553(a) factors justified the variance.  *Id.* at 1187.  The district

court need not state or discuss each factor.  *United States v. Gonzalez*, 550 F.3d

1319, 1324 (11th Cir. 2008).  It is enough that the district court considered the

defendant's argument and the § 3553(a) factors.  *Id.*

Here, Michalak fails to establish that his sentence is unreasonable.  The

District Court did not expressly mention his health conditions, age, or life

expectancy during sentencing.  It is not required to do so.  *See Gonzalez*, 550 F.3d

at 1324.  The District Court read Michalak's briefs that contained the arguments

---

[1] The sentencing factors in § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (3) the need for the sentence to deter criminal conduct, (4) the need to protect the public from further crimes of the defendant, (5) the need to provide the defendant with necessary education or vocational training, medical care, or correctional treatment, (6) the kinds of sentences available, and (7) the applicable guideline range.  18 U.S.C. § 3553(a).

about his age and health.  It considered the § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant.  The District Court emphasized his history of sexual abuse of his sisters and daughters, his interest in child pornography, his interest in having sex with children, and his belief that sexual relationships with children are not harmful.  It presumably considered Michalak's arguments on his age and health, and found that they did not deserve weight given the severity of the crimes.  Such a determination falls within the District Court's discretion.  Indeed, given the conduct in issue, it is doubtful that age and health considerations are factors deserving of "due significant weight."  *Rosales-Bruno*, 789 F.3d at 1256.

The record supports the District Court's weighing of the § 3553(a) factors, and sufficiently justifies the upward variance.  The information in the PSI and victim impact statements, the testimony of FBI Special Agent Kaufman, and the psychosexual evaluation and risk assessment support the conclusion that a 440-month sentence was sufficient to achieve the purposes of sentencing.  The facts before the District Court—including Michalak's prior sexual abuse of children, his willingness to travel to have sex with a child, the large amount of child pornography he shared, and his sexual desires and propensities—showed that Michalak presented a danger to society.  His actions caused grievous harm to the victims of his abuse and to the children depicted in the material he shared.  The

4

District Court determined that the case required a serious sentence to prevent Michalak from causing further harm because of his continuing sexual interest in children.  The District Court receives great deference in such determinations.  The facts justify the upward variance.

The District Court neither abused its discretion nor imposed an unreasonable sentence.

**AFFIRMED.**